### In re SEALED CASE.

### No. 98–3069.

United States Court of Appeals, District of Columbia Circuit.

July 16, 1998.

Order staying subpoenas July 16, 1998.

Before WILLIAMS, GINSBURG, and RANDOLPH, Circuit Judges.

### *ORDER*

PER CURIAM.

Upon consideration of the emergency motion for a stay and an order under the All Writs Act pending disposition of the petition for rehearing in banc, and the opposition thereto, it is

**ORDERED** that the request of the Department of Justice for a stay pending the filing, and eventual disposition, of a petition for a writ of certiorari in the Supreme Court be denied. The motion of the Department of Justice for an order, under the All Writs Act, 28 U.S.C. § 1651(a), postponing the testimony of seven Secret Service officers before the grand jury is denied. The administrative stay issued on July 16, 1998, is continued until 12 noon July 17, 1998, to give the Department of Justice an opportunity to seek relief from the Supreme Court.

The Department of Justice has not made a sufficient showing that irreparable harm will

result unless a stay and an order are issued, and it has not made a sufficient showing that it will ultimately prevail in establishing the privilege it alleges. *See* D.C.Cir.R. 8(a)(1). The privilege is said to be necessary because, without it, the President will distance himself from Secret Service agents charged with the duty of protecting him. *See In re Sealed Case,* No. 98–3069 (D.C.Cir. July 7, 1998). The harm asserted is future harm, depending on a prediction about what the President will do in the absence of the privilege. This court has ruled that the privilege does not exist; no judge on the court has even requested a vote on the Justice Department's suggestion for rehearing *en banc.* If harm of the sort the Department envisions is now occurring, it therefore must be because the President does not believe the Supreme Court will sustain the privilege. Neither a stay nor an order under the All Writs Act can alter or prevent that alleged harm. Testimony today by Secret Service agents regarding past events cannot change our ruling. And such testimony cannot affect how the Supreme Court will rule. We also believe, for the reasons stated in our opinion of July 7, 1998, that the Justice Department's likelihood of success before the Supreme Court is insufficient to warrant further delay in the grand jury's investigation.